[Cite as *Norwich Apts. II v. Ingram*, 2020-Ohio-3212.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Norwich Apartments II                           Court of Appeals No. L-19-1239

    Appellant                                Trial Court No. CVG-19-05831

v.

Daionna Ingram                                  **DECISION AND JUDGMENT**

    Appellee                                 Decided:  June 5, 2020

* * * * *

Milton E. Pommeranz, for appellant.

Veronica L. Martinez, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant Norwich Apartments II filed this accelerated appeal from the
October 17, 2019 judgment entry of the Toledo Municipal Court which granted judgment
in favor of appellee, Daionna Ingram.  Because appellant was properly notified appellee
was protected under the Violence Against Women Act ("VAWA"), we affirm.

{¶ 2} On October 4, 2018, appellee and her then-boyfriend, Trayvon Mitchell, signed a lease at a property owned and operated by appellant. Appellee's apartment was subsidized, in part, by the Department of Housing and Urban Development ("HUD"). Appellee and Mitchell's portion of the rent was $140. At the time they signed their lease, Mitchell was the only wage earner and their portion of the rent was solely based on his income. Appellee was provided a HUD form when she moved into the property which provided her notice of her rights and obligations under VAWA.

{¶ 3} On February 19, 2019, appellee spoke with a manager-in-training at the property named Scheena. Appellee informed Scheena that Mitchell was threatening her and that she no longer felt safe in the apartment. Shortly after she left the office, appellee was assaulted by Mitchell. According to appellee, this attack took place in view of the front office and was witnessed by Scheena. When appellee was able to escape, she ran to the front office where she asked Scheena to call the police. The police apprehended Mitchell on the property and arrested him for domestic violence. Scheena assisted the police by showing them security footage from the property.

{¶ 4} Due to the only wage earner being removed from the property, appellee was unable to pay her March rent. Appellee was unable to obtain employment until mid-April 2019. Because appellee violated her lease by not paying rent, appellant sent appellee a 10-day notice to vacate on March 8, 2019. A part of this notice included a HUD form which provided appellee her rights and obligations under VAWA. This form could have been filled out by appellee if appellant requested her to fill it out.

2.

{¶ 5} Appellant initiated a complaint for forcible entry and detainer against appellee. A hearing on the complaint was held on May 10, 2019 before the magistrate. The magistrate found in favor of appellant, finding appellant did not have notice that appellee could be protected under VAWA and therefore appellee could be evicted. At the hearing, testimony of the manager of the property demonstrated that she was informed at a later date about the incident between appellee and Mitchell. The manager also admitted she was aware that Mitchell was the sole wage earner at the time that the lease was signed. Further, appellee testified that the reason that she did not pay March rent was because the sole wage earner in her home was arrested for committing domestic violence against appellee. She testified that because Mitchell was removed because of the domestic violence, she was unable to pay her rent. This demonstrated that the incident of domestic violence directly and adversely impacted her tenancy at appellant's property.

{¶ 6} Appellee filed objections to the magistrate's opinion, which the trial court sustained on June 20, 2019. The trial court granted judgment in favor of appellee. Appellant appeals from that decision.

{¶ 7} The trial court found that "there is clear evidence on record backing [appellee's] claim that [appellant] was informed of the domestic violence incident." The court found appellant was notified of the incident regarding domestic violence because their employee was there during the assault and the manager was later informed of the incident. The trial court also found that appellee could have filled out the HUD forms,

3.

but was not required to, and appellant's act of providing the form to appellee did not constitute a written request for documentation under VAWA.

{¶ 8} Appellant brings forth two assignments of error for our review:

The trial court erred in ruling that appellant's eviction of appellee was a direct result of domestic violence and that therefore appellee was protected under the Violence Against Women Act.

The trial court erred in ruling that appellant was notified that appellee's incident of domestic violence caused her inability to pay rent.

**Law**

{¶ 9} VAWA "is a comprehensive statute designed to combat violence against women in its many forms." *Boston Housing Authority v. Y.A.*, 121 N.E.3d 1237, 1239 (Mass.2019). This statute, in part, protects tenants under a covered housing program from being denied or evicted from housing "on the basis that the applicant or tenant is or has been a victim of domestic violence." *Id.*, quoting 34 U.S.C. 12491(b)(1). If a tenant violates the terms of the lease and that violation directly resulted from domestic violence, the tenant cannot be evicted from their housing. *Id*.

{¶ 10} If a tenant represents to their landlord that they are covered under this act, the landlord "may request, in writing" documentation that is: (1) a certification form provided by HUD, (2) is a signed statement by an employee, agent, or volunteer of a victim services provider, an attorney, a medical professional, or a mental health professional who helped tenant in regards to the domestic violence and has the tenant's

4.

signature, (3) a record of the domestic violence incident, or (4) at the discretion of the landlord "a statement or other evidence provided" by the tenant. 34 U.S.C. 12491(c)(3)(D). If a tenant fails to provide documentation after a request within 14 days, the tenant waives his or her protection under VAWA.

In order for an applicant or tenant to seek assistance pursuant to VAWA from a covered housing provider (landlord), he or she must "[i]nform the [landlord] that [he or she is] a victim of domestic violence" and further must "[p]rovide enough information for the [landlord] to make a determination regarding the adverse factor [he or she is] claiming was a direct result of domestic violence." *Boston Housing*, 121 N.E.3d at 1241, quoting United States Department of Housing and Urban Development & Office of Public and Indian Housing, Violence Against Women Reauthorization Act of 2013 Guidance, PIH-2017-08 (HA) § 7.3, at 9 (May 19, 2017) (HUD Guidance), https://www.hud.gov/sites/documents/ PIH-2017-08VAWRA2013.PDF (accessed May 6, 2020).

{¶ 11} An appellate court will not disturb a trial court's decision to reject a magistrate's decision absent an abuse of discretion. *Palmer v. Abraham*, 6th Dist. Ottawa No. OT-12-029, 2013-Ohio-3062, ¶ 10. An abuse of discretion by the trial court is more than an error of law or judgment, the trial court must have acted unreasonable, arbitrary, or unconscionable in its decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

5.

## Analysis

{¶ 12} Appellant argues that the trial court abused its discretion when it found that appellee provided sufficient information for appellant to determine whether she was protected under VAWA and granting judgment in her favor. Appellant argues that appellee was required to provide them actual notice of the incident of domestic violence and that appellee failed to inform appellant that because of the domestic violence she would be unable to pay rent.

{¶ 13} Appellant argues that the trial court abused its discretion because appellee did not provide sufficient notice that her inability to pay rent was based on an incident of domestic violence and appellant did not have enough information that appellee's inability to pay was based on the incident of domestic violence.

{¶ 14} Appellant first argues that appellee was required to provide actual notice that she was a victim of domestic violence and provide notice that being a victim of domestic violence caused an adverse factor in relation to their tenancy. We find that VAWA does not impose such requirements on a victim under VAWA. A tenant is required to provide sufficient information to their landlord for the landlord to determine whether the tenant is protected from eviction under VAWA.

{¶ 15} We find that although appellee did not provide actual notice to appellant, appellant understood an incident of domestic violence took place on their property. Appellant was also aware that Mitchell was the sole wage earner at the time. Under VAWA, appellant was permitted to consider appellee's statements and any other

6.

evidence to make its determination. VAWA does not require the victim to prove actual notice of an incident and how the incident directly affects the tenancy. VAWA does not impose such rigid standards that appellant seeks for us to impose on the victims of domestic violence.

{¶ 16} Further, if appellant felt it did not have sufficient information to determine that appellee was not permitted to be evicted, appellant could have sought documentation from appellee for further information. *See* 34 U.S.C. 12491(c)(3)(D). Appellant failed to seek further information in this manner. Appellant provided forms from HUD to appellee, but never requested that she fill out the forms. Merely providing the forms to appellee does not equate to seeking additional documentation under VAWA.

{¶ 17} Finally, VAWA does not require appellee to assert protections under VAWA at any specific time. *See Boston Housing*, *supra*, 121 N.E.3d at 1243-1244. Appellee was not required to assert these protections until she was defending herself from eviction, as she did in this matter. Thus, following the evidence and testimony presented to the trial court, it was clear that appellee was subject to protection under VAWA because she was a victim of domestic violence, and the domestic violence directly and adversely impacted her tenancy with appellant.

{¶ 18} Appellant argues that it did not know that the lack of payment and domestic violence were interdependent at the time they served the notice to vacate. However, appellant had full knowledge of the underlying facts at the time it issued the notice to vacate. Appellant had knowledge that Mitchell was the only wage earner at the time

7.

because appellant signed a lease and determined the financial liability of Mitchell and appellee based on Mitchell's income.

{¶ 19} We therefore cannot find that the trial court abused its discretion when it decided that appellee could not be evicted because she was protected under VAWA from such an action. As such, appellant's assignments of error are not well-taken. The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.